**BAO CHEN, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,[1] Respondent.**

**No. 07–1145–ag.**

United States Court of Appeals, Second Circuit.

Feb. 20, 2008.

---

1. Pursuant to Federal Rule of Appellate Pro-

cedure 43(c)(2), Attorney General Michael B.

Henry Zhang, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division, Anthony C. Payne, Senior Litigation Counsel, Colette J. Winston, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC, for Respondent.

PRESENT: Hon. WALKER, Hon. B.D. PARKER, and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Bao Chen, ("Chen") a native and citizen of China, seeks review of the February 21, 2007 order of the BIA affirming the August 9, 2005 decision of Immigration Judge ("IJ") Gabriel C. Videla denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Bao Chen,* No. A97 327 579 (B.I.A. Feb. 21, 2007), *aff'g* No. A97 327 579 (Immig. Ct. N.Y. City Aug. 9, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

A petitioner's attorney must "include his most cogent arguments in his opening brief, upon pain of otherwise finding them waived." *McCarthy v. SEC,* 406 F.3d 179, 186 (2d Cir.2005). Here, Chen failed to address the IJ's adverse credibility determination in his brief to this Court. Although he offered conclusory assertions that his testimony was "credible and detailed," he did not point to any errors in the IJ's findings; indeed, he did not even acknowledge in the argument section of his brief that the IJ made an adverse credibility determination.

Where the petitioner has been represented by counsel throughout these proceedings, "it is not our obligation to ferret out [his] arguments. That, after all, is the purpose of briefing." *McCarthy,* 406 F.3d at 186. Accordingly, because we do not find that manifest injustice would result if we decline to reach the agency's adverse credibility determination, we deem waived any challenge thereto. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). Thus, because the finding stands as a valid basis for the agency's denial of Chen's application for asylum, withholding of removal, and relief under CAT, the petition for review is denied.

In light of the waiver of any challenge to the dispositive basis for the denial of relief, we must note that the Petitioner's brief is seriously deficient. To "argue" that an asylum applicant is eligible for relief without addressing an adverse credibility determination violates Federal Rule of Appellate Procedure 28(a)(9), which requires an appellant's brief to address all issues and explain the reasons for its contentions. Counsel is warned that future failure to comply with the Federal Rules of Appellate Procedure may result in discipline.

For the foregoing reasons, the petition for review is DENIED. The pending request for oral argument in this petition is DENIED as moot.

---

Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.