See also, 199 Fed.Appx. 25.

**MING FANG LIN, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,[1] Board of Immigration Appeals, Respondents.**

**No. 07–4330–ag.**

United States Court of Appeals, Second Circuit.

May 22, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Acting Attorney General Peter D. Keisler as a respondent in this case.

Henry Zhang, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Richard M. Evans, Assistant Director, Rebecca A. Niburg, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C. for Respondents.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. ROSEMARY S. POOLER and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Ming Fang Lin, a native and citizen of the People's Republic of China, seeks review of the September 12, 2007 order of the BIA denying his motion to reopen. *In re Qi Lei Dong*, No. A70 906 824 (B.I.A. Sep. 12, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Id.* at 233–34.

We conclude that the BIA did not abuse its discretion in denying Lin's motion to reopen as untimely and numerically barred, and finding that Lin failed to show that his motion to reopen met an exception to the time and numerical limitations based on "changed country conditions" in China. *See* 8 C.F.R. § 1003.2(c)(3)(ii). Lin's second motion to reopen was filed on March 22, 2007, well beyond ninety days after the BIA's October 29, 2002 decision affirming the IJ's denial of asylum, withholding of deportation, and CAT relief.

To the extent Lin claimed that the birth of his two U.S. citizen children justified reopening his proceedings, such " 'evidence ... does not fit under the exception set forth in 8 C.F.R. § [100]3.2(c)(3)(ii).' " *Cf. Li Yong Zheng v. U.S. Dep't of Justice*, 416 F.3d 129, 130–31 (2d Cir.2005) (quoting *Jian Huan Guan v. BIA*, 345 F.3d 47, 49 (2d Cir.2003)).

Furthermore, the BIA did not abuse its discretion in finding that Lin failed to show that his motion to reopen qualified for an exception to the time limitations based on "changed country conditions or circumstances in China." *See* 8 C.F.R. § 1003.2(c)(3)(ii). In his brief, Lin urges this Court to consider the documents addressed in *Shou Yung Guo v. Gonzales*, 463 F.3d 109, 115 (2d Cir.2006) and *Zhi Yun Gao v. Mukasey*, 508 F.3d 86 (2d Cir.2007), suggesting that these documents demonstrate changed country conditions in China. Lin, however, failed to submit these documents in his motion to reopen. To the extent that Lin asks this Court to vacate the BIA's decision and remand his case based on documentary evidence that is not in the record, we

decline to do so. *See Xiao Xing Ni v. Gonzales,* 494 F.3d 260, 261–62 (2d Cir. 2007); 8 U.S.C. § 1252(b)(4)(A).

Because we find no abuse of discretion in the BIA's conclusion that Lin failed to demonstrate changed country conditions, we need not reach its alternate finding that he did not establish his prima facie eligibility for relief. *See INS v. Abudu,* 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988).

Finally, we are troubled by the poor quality of Lin's brief in this case. Attorney Henry Zhang represented Lin both before the agency and in this Court. Here, Zhang submitted a brief of poor quality that, *inter alia,* did not address the actual basis for the BIA's decision. Indeed, a large part of Lin's brief was merely copied and pasted from Lin's motion to reopen. Accordingly, we refer the matter of Zhang's conduct in this case to this Court's Grievance Panel for further consideration.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.