**LE SHANG PAN, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, and Board of Immigration Appeals, Respondents.**

No. 08–6169–ag.

United States Court of Appeals, Second Circuit.

July 23, 2009.

Henry Zhang, Zhang & Associates. P.C., New York, NY, for Petitioner.

Tony West, Assistant Attorney General, Ernesto Molina, Assistant Director, Gladys M. Steffens Guzman, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC, for Respondents.

PRESENT: RALPH K. WINTER, ROBERT A. KATZMANN and B.D. PARKER, Circuit Judges.

*SUMMARY ORDER*

Petitioner Le Shang Pan, a native and citizen of the People's Republic of China, seeks review of the November 21, 2008 order of the BIA denying his motion to reopen removal proceedings. *In re Le Shang Pan,* No. A094 797 572 (B.I.A. Nov. 21, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We ordinarily review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006) (citing *INS v. Doherty,* 502 U.S. 314, 322–23, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992)). Here, however, there is nothing for us to review. "Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal." *Norton v. Sam's Club,* 145 F.3d 114, 117 (2d Cir.1998). As the Government correctly notes, Pan has failed to challenge the BIA's denial of his motion to reopen. Indeed, Pan's brief before us refers to the BIA's denial of his motion only once, in a single sentence in a section of his brief titled, "Issues Presented for Review." He does not otherwise assert any error in the BIA's decision, waiving any such argument. We have consistently found such conclusory briefing inadequate to challenge an agency decision, and we therefore find that Pan has waived any challenge to the BIA's denial of his motion to reopen. *See, e.g., Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 n. 7 (2d Cir. 2005) ("On this appeal, Zhang devotes only a single conclusory sentence to the argument that he met his burden of showing a well-founded fear of persecution on this ground. We therefore deem his petition for review of the IJ's finding as to this claim abandoned and do not consider it.").

Rather than challenging the BIA's denial of his motion to reopen, Pan contends that we should "reverse" the BIA's May

2008 order affirming the IJ's denial of relief. However, this Court lacks jurisdiction to consider Pan's arguments regarding this order because he failed to file with this Court a timely petition for review of that decision. *See Malvoisin v. INS,* 268 F.3d 74, 75 (2d Cir.2001) ("the time limit for filing a petition to review the BIA's final order is a strict jurisdictional prerequisite."). Moreover, on review of the agency's denial of a motion to reopen, we lack jurisdiction to review a petitioner's underlying order of removal. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (quoting *Ke Zhen Zhao v. Dep't of Justice,* 265 F.3d 83, 90 (2d Cir.2001) (this Court is " 'precluded from passing on the merits of the underlying exclusion proceedings,' and must confine our review to the denial of petitioner's motion to reopen these proceedings.")).

Ultimately, Pan has waived any challenge to the only agency order we are empowered to review. *See Nwogu v. Gonzales,* 491 F.3d 80, 84 (2d Cir.2007). Accordingly, we are left with no option other than dismissing the petition for review. We are troubled by the poor quality of Attorney Henry Zhang's representation in this case. Failing to make any argument challenging the order that is the subject of the petition for review is, to say the least, a serious omission. And this is not the first time he has done so. Indeed, we noted in a prior unpublished order that "Zhang submitted a brief of poor quality that, *inter alia,* did not address the actual basis for the BIA's decision." *Ming Fang Lin v. Mukasey,* 279 Fed.Appx. 35, 37 (2d Cir.2008). Again, we refer the matter of Zhang's conduct in this case to the Court's Grievance Panel for further consideration.

For the foregoing reasons, the petition for review is DISMISSED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.