10-90074-am
In re Yung H. Hsu, also known
as Allen Y. Hsu

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 6th day of January, two thousand twelve.

PRESENT:

      José A. Cabranes,
      Robert D. Sack,
      Richard C. Wesley,
            *Circuit Judges.*



---

In re Yung H. Hsu,
also known as Allen Y. Hsu,

                Attorney.

10-90074-am

**AMENDED ORDER OF
GRIEVANCE PANEL**[1]

---

FOR ALLEN Y. HSU:      Allen Y. Hsu, Esq., New York, New York.

---

[1] The amendment is limited to the insertion of this footnote and footnote 4, and the renumbering of the other footnotes.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Yung H. Hsu, also known as Allen Y. Hsu, is publicly reprimanded for the misconduct described below and directed to comply with the continuing legal education ("CLE") and co-counsel requirements specified in this order.[2]

By order filed in July 2010, this panel directed Hsu to show cause why he should not be removed from the bar of this Court, or subject to other disciplinary or corrective measures, based on his filing of deficient briefs in six cases and the assertion by a bankruptcy trustee that he had engaged in sanctionable conduct in a bankruptcy proceeding. In his response to that order, Hsu apologized for his poor briefing, stated that his briefing errors were inadvertent, acknowledged that he needs coaching in brief-writing, and explained that the alleged sanctionable conduct in the bankruptcy proceeding had been committed by his client without his knowledge.

For present purposes, we accept Hsu's explanation concerning the allegation against him in the bankruptcy proceeding. We also accept that Hsu recognizes the need for change in his practice

---

[2] Although Hsu referred to himself as Yung H. Hsu in his case filings in this Court, his name is recorded as Allen Y. Hsu in both the New York State Unified Court System's Attorney Directory and this Court's Attorney Admissions Database. In his response to our July 2010 order, he refers to himself as "Allen Y. Hsu [f]ormerly known as Yung H. Hsu."

and is remorseful for his misconduct. However, the deficiencies in his briefs concerned elementary principles of immigration law, administrative exhaustion, appellate waiver, and appellate brief-writing. Hsu's conclusory explanation, although appropriately contrite, falls far short of providing a satisfactory account of, or excuse for, his many serious mistakes.

Additionally, although our July 2010 order drew Hsu's attention to the fact that he had never filed a response to the Government's December 2009 motion to dismiss in *Zhu Feng Zheng v. Holder*, 09-2786-am, Hsu neither corrected nor explained that omission. The Government's motion was eventually granted in August 2011, without any response having been filed. *See Zhu Feng Zheng*, 09-2786-am, order filed Aug. 8, 2011.

Finally, we note that Hsu failed to comply with several explicit instructions in our July 2010 order. He failed to provide: (a) a declaration made under penalty of perjury; (b) a statement of whether he has been disbarred, suspended, reprimanded, or otherwise disciplined by any bar or court and, if so, a copy of each document imposing such a disciplinary measure; (c) a statement of whether he has ever been ordered by any court or bar disciplinary authority to show cause why he should not be disciplined and, if so, a copy of each such order, and any response to each such order; (d) an explanation for all of the conduct discussed in this order, including a discussion of

3

whether his clients were prejudiced in any way by that conduct; or (e) a copy of the sanction motion that was filed in the *Truong* case, all supporting and responding pleadings relating to that motion, and all documents memorializing the agreement between Hsu and the trustee settling the sanction claims.

Hsu's deficient briefing, his explanation for that briefing, and the other deficiencies noted above leave us with little confidence that, as things now stand, he will be able to conform to expected professional norms in the future. Thus, upon due consideration of the matters described above, it is hereby ORDERED that Hsu is PUBLICLY REPRIMANDED for the misconduct described above and DIRECTED to:

> (a) attend, within one year of the filing date of this order, CLE programs on (i) immigration law, (ii) federal appellate practice, and (iii) appellate brief writing. Hsu must certify his completion of the required CLE programs by sworn statement filed with this panel within seven days after the end of the one-year period. Counsel to the Grievance Panel is authorized to modify this deadline, on Hsu's motion.

> (b) not file in this Court, for a period of two years (commencing twenty-eight days from the filing date of this order), any further briefs, motions or other papers unless those documents are co-signed by another member of this Court's bar who has entered an appearance as co-counsel in the case and meets the other requirements noted in the footnote appearing below.[3] If Hsu is unable to comply with this directive

---

[3] Before entering an appearance as co-counsel to Hsu in any case, proposed co-counsel must certify, in a sworn written submission to this panel under the present docket number, that he or she (i) has not been disciplined by this or any other Court or disciplinary authority in the past five years; (ii) currently is

4

at any point during the pendency of a case in this Court, he must move to withdraw as counsel in that case.

(c) attach a copy of this order to any future request for renewal of his admission to the bar of this Court with a sworn declaration detailing his full compliance with the above-noted directives.

*See In re Zhang*, 376 Fed. Appx. 104, 108-09 (2d Cir. 2010) (imposing CLE and co-counsel requirements). The preceding directives are intended to be remedial and prophylactic, not punitive. However, Hsu is advised that any future failure to comply with any rule or order of this Court may result in additional sanctions, including suspension or disbarment.

The text of this panel's July 2010 order is appended to, and deemed part of, the present order for the following disclosure purposes. Hsu must disclose this order to all clients in cases currently pending in this Court and to all courts and bars of which he is currently a member, and as required by any bar or court rule or order. Furthermore, the Clerk of Court is directed to release this order to the public by posting it on this Court's web site and providing copies to members of the public in the same manner as all other unpublished decisions of this Court, and to serve a copy on Hsu, this Court's Committee on Admissions and

---

not the subject of any such disciplinary proceedings; (iii) has read a copy of this order; and (iv) accepts full responsibility for all documents filed by Hsu in the case. An attorney unable to make the certifications described in clauses (i) and (ii) of the preceding sentence may seek a waiver of those requirements from this panel by motion filed under this docket number.

Grievances, the attorney disciplinary committee for the New York State Appellate Division, First Department, and all other courts and jurisdictions to which this Court distributes disciplinary decisions in the ordinary course.[4]

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk



By:  Michael Zachary
     Counsel to the Grievance Panel

## APPENDIX

### Text of July 2010 order

For the reasons that follow, Yung H. Hsu, also known as Allen Y. Hsu, [footnote omitted] is ordered to show cause why disciplinary or other corrective measures should not be imposed on him pursuant to Federal Rules of Appellate Procedure 46(b) and (c) and Second Circuit Local Rule 46.2.

A review of the six cases in this Court in which Hsu is listed as an attorney of record reveals that he has a pattern of poor briefing. In three cases, this Court denied the petitions for review filed by Hsu on the basis that he had waived all dispositive issues this Court was empowered to review. In *Chang Wei He v. Mukasey*, Hsu's brief challenged findings made by an immigration judge ("IJ") in 1998 instead of the 2008 Board of Immigration Appeals ("BIA") decision denying Chang Wei He's motion to reconsider – the only order this Court had authority to review – causing this Court to hold that Hsu had "waived any

---

[4] Counsel to this panel is authorized to provide, upon request, documents from the record of this proceeding to other attorney disciplinary authorities. While we request that all such documents remain confidential to the extent circumstances allow, we leave to the discretion of those disciplinary authorities the decision of whether specific documents, or portions of documents, should be made available to any person or the public.

challenges that could have been raised." *See* 09-0159-ag, brief filed Jun. 1, 2009, order filed Feb. 16, 2010, at 2. Similarly, in *Shu Mei Chen v. Holder*, Hsu's brief failed to challenge either of two dispositive bases for the BIA's denial of Shu Mei Chen's motion to rescind her *in absentia* order of removal, and waived any challenge to the BIA's denial of her motion to reopen by failing to argue that country conditions in China had changed. *See* 09-2148-ag, brief filed Sep. 11, 2009, order filed Feb. 18, 2010, at 3-5. Most recently, in *Yan Zhang-Xiano v. Holder*, the Court denied the petition for review because Hsu's brief did not challenge the BIA's denial of Yan Zhang-Xiano's motion to reconsider, which was the only decision properly before the Court. *See* 09-2149-ag, order filed Jun. 18, 2010, at 2-3. The Court also noted that even "the portions of the brief that [were] arguably responsive to the decision actually before [the Court] fail[ed] to assert a meaningful legal argument appropriate for [the Court's] review." *Id.*, at 3.

Hsu's other three cases reflect similar issues and a troubling misunderstanding of basic principles of immigration law. First, in *Zhou Jian Ni v. Mukasey*, Hsu filed the petition for review in this Court, even though it was apparent that all relevant proceedings had taken place in New Jersey; accordingly, in September 2008, this Court granted the Government's motion for transfer of the petition to the Third Circuit. *See* 08-3941, order filed Sep. 10, 2008. In opposing the Government's transfer motion, Hsu erroneously argued that "[t]ransfer of venue is merely a question of convenience," and suggested that the relevant test was whether the transfer would impose "undue hardship," without citation to any supporting authority. *Id.*, opposition filed Sep. 8, 2008, at 2. Second, in *Yu Bing Yu v. Holder*, where Hsu represented Yu Bing Yu before both the BIA and this Court, this Court denied the petition for review filed by Hsu on the basis that his motion to the BIA for reconsideration, which had been filed four years after the BIA order being challenged, was "unquestionably untimely"; the Court also found that, if the motion to the BIA were construed as a motion to reopen, it remained meritless since Hsu "did not submit any evidence of changed country conditions, or, indeed, any evidence at all, in support of the motion." *See* 09-1763-ag, order filed Sep. 25, 2009. A review of Hsu's response to the Government's motion for summary affirmance of the BIA's order, and his motion to "strike" the Government's motion, reveals that both documents are of exceedingly poor quality, and appear to suggest, *inter alia*, that a petitioner need not submit evidence in support of a claim of changed country conditions when filing a motion to reopen before the BIA. *Id.*, motion filed Jul. 20, 2009, response filed Aug. 4, 2009. *See* 8 C.F.R. § 1003.2(c)(1) ("A motion to reopen proceedings shall state the new facts that will be proven at a hearing to be held if the motion is granted and shall be

7

supported by affidavits or other evidentiary material."). Finally, in *Zhu Feng Zheng v. Holder*, the Government filed a motion to dismiss for lack of jurisdiction, because Hsu, who also had represented Zhu Feng Zheng before the BIA, had filed the petition for review more than six months after the BIA had issued its decision, well past the statutory 30-day deadline. *See* 09-2786-ag, motion filed Dec. 1, 2009, at 3. The motion to dismiss, which Hsu did not respond to, is presently pending before this Court.

Hsu's conduct also has been questioned in a bankruptcy proceeding in the Southern District of New York, where the trustee for an estate moved for sanctions under 28 U.S.C. § 1927 against Hsu and a debtor. *See In re Truong*, 2008 WL 1776227 (Bkrtcy. S.D.N.Y. Apr. 14, 2008). Although Hsu settled the sanction issue with the trustee, and the court's decision does not describe the specific allegations against Hsu, it appears that Hsu was alleged to have engaged in conduct intended to delay and disrupt the trustee's administration of estate property. *Id.* at *1.

Upon due consideration of the matters described above, it is hereby ORDERED that Hsu show cause, in a detailed declaration, why he should not be removed from the bar of this Court, or subject to other disciplinary or corrective measures, based on the conduct described above. The declaration must be made under penalty of perjury and filed within twenty-eight days of the filing date of this order. Furthermore, the declaration must include:

> (a) a complete list of all cases in this Court in which he is, or was, counsel of record or performing legal services for any litigant (which is to be updated with any additional cases in which he begins providing legal services after the filing of the initial list required by this clause);

> (b) a complete list of all cases currently pending in the federal district and bankruptcy courts of this circuit in which he is counsel of record or performing legal services for any litigant (which is to be updated with any additional cases in which he begins providing legal services after the filing of the initial list required by this clause);

> (c) a complete list of all bars of which he is a member, including all bar numbers and other bar identification information, and a statement of whether he is in good standing with each identified bar;

> (d) a statement of whether he has been disbarred, suspended, reprimanded, or otherwise disciplined by any bar or court and, if so, a copy of each document imposing

8

such a disciplinary measure must be attached to the declaration;

(e) a statement of whether, aside from any document listed in response to clause (d), he has ever been ordered by any court or bar disciplinary authority to show cause why he should not be disciplined and, if so, a copy of each such order, and any response to each such order, must be attached to the declaration; and

(f) an explanation for all of the conduct discussed in this order, including a discussion of whether his clients were prejudiced in any way by that conduct. Additionally, Hsu must provide this Court with a copy of the sanction motion that was filed in the *Truong* case, all supporting and responding pleadings relating to that motion, and all documents memorializing the agreement between Hsu and the trustee settling the sanction claims.

[additional text omitted]

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By: _______/s/________________
Michael Zachary
Counsel to the Grievance Panel