[958 NYS2d 900]

In the Matter of ALLEN Y. HSU (Admitted as YUNG HWEI HSU), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, January 24, 2013

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Jun Hwa Lee* of counsel), for petitioner.
*Patrick J. Brackley*, for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Allen Y. Hsu was admitted to the practice of law

in the State of New York by the First Judicial Department on August 10, 1992 under the name Yung Hwei Hsu. At all times relevant herein, respondent has maintained an office for the practice of law within the First Department.

The Departmental Disciplinary Committee (Committee) seeks an order, pursuant to Judiciary Law § 90 (2) and 22 NYCRR 603.3, censuring respondent predicated upon similar discipline imposed by the U.S. Court of Appeals for the Second Circuit.

By amended order of the Second Circuit dated January 6, 2012 (451 Fed Appx 37 [2d Cir 2012]), respondent was publicly reprimanded for deficient briefing in six cases and for sanctionable conduct in a bankruptcy proceeding, and directed to comply with specific CLE and cocounsel requirements. Respondent was directed not to file in the court, for a period of two years, any further briefs, motions or other papers unless they were co-signed by another member of the court's bar who had entered an appearance as cocounsel in the case and met other requirements detailed in the order.

The record establishes that respondent was afforded due process, and there was sufficient evidence establishing his admitted misconduct. Respondent's pattern of deficient brief-writing constitutes a violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.1 (a) ("[a] lawyer should provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation"), and reciprocal discipline is therefore appropriate (*see Matter of Jaffe*, 78 AD3d 152 [1st Dept 2010]).

Accordingly, the Committee's petition for reciprocal discipline should be granted, and respondent should be publicly censured.

GONZALEZ, P.J., SAXE, ABDUS-SALAAM, MANZANET-DANIELS and ROMÁN, JJ., concur.

Respondent publicly censured.